# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ABELL DIEUDONNE,

    Petitioner,

vs.

WARDEN NEVENS, et al.,

    Respondents.

Case No. 2:13-cv-01395-GMN-CWH

**ORDER**

    Before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss part of the sole ground for relief. The court will serve the petition upon respondents for a response to the remaining part of the ground.

    In state court, petitioner pleaded guilty to conspiracy to commit robbery, robbery with the use of a deadly weapon, and second-degree murder. Scott Bindrup represented petitioner in those proceedings. Petitioner appealed, and the Nevada Supreme Court affirmed. Dieudonne v. State, 245 P.3d 1202 (Nev. 2011) (en banc). Petitioner then filed a post-conviction habeas corpus petition in the state district court. Keith Brower represented petitioner in those proceedings. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed. Dieudonne v. State, 2013 WL 1500420 (Nev. 2013) (table disposition).

    The petition as written contains one ground for relief, that petitioner received ineffective assistance of counsel. However, it appears that petitioner has two separate claims in that counsel. First, petitioner alleges that his trial counsel, Scott Bindrup, provided ineffective assistance. Next, petitioner has attached two exhibits. Exhibit A is an affidavit from Scott Bindrup. Exhibit B contains the transcript of petitioner's plea colloquy and the transcript of petitioner's evidentiary hearing in the state post-conviction habeas corpus proceedings. After the transcripts, petitioner has written a supplement to ground 1. He alleges that Keith Brower, who represented him in the state post-conviction habeas corpus proceedings, provided ineffective assistance. Then petitioner

attaches exhibits concerning Brower's representation of him. The petition concludes after those exhibits, and then petitioner attaches copies of the Nevada Supreme Court's decision on direct appeal and the state district court order denying his post-conviction habeas corpus petition.

To summarize, petitioner is claiming that he received ineffective assistance of counsel from his trial counsel, Scott Bindrup, and his state post-conviction habeas corpus counsel, Keith Brower. Respondents will need to respond to the allegations about Bindrup. Petitioner does not have a right to effective assistance of counsel in state post-conviction habeas corpus proceedings. Coleman v. Thompson, 501 U.S. 722, 752 (1991).[1] Respondents will not need to respond to the allegations about Brower.

Petitioner has submitted a motion for appointment of counsel (#12). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

**IT IS THEREFORE ORDERED** that petitioner motion for appointment of counsel (#12) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk of the court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that the claim that state post-conviction habeas corpus counsel, Keith Brower, provided ineffective assistance is **DISMISSED** from this action.

---

[1] Egregious misconduct or ineffective assistance of post-conviction counsel can be used to excuse procedural defects of a federal habeas corpus petition. However, the court sees no such defects on the face of the petition, and respondents have not yet appeared, let alone moved to dismiss the petition due to a procedural defect.

**IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order.  In addition, the clerk shall return to petitioner a copy of the petition.

**IT IS FURTHER ORDERED** that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition.  If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

**IT IS FURTHER ORDERED** that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

**IT IS FURTHER ORDERED** that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

**DATED** this 22nd day of May, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court