# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABELL DIEUDONNE,

    Petitioner,

vs.

WARDEN NEVENS, et al.,

    Respondents.

Case No. 2:13-cv-01395-GMN-CWH

**ORDER**

    Before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#13), respondents' motion to dismiss (#18), petitioner's opposition (#26), and respondents' reply (#27). Also before the court is petitioner's motion for stay and abeyance (#28) and respondents' opposition (#29). The court finds that petitioner has not exhausted his available state-court remedies for all of ground 1. The court also finds that a stay is not warranted. Petitioner will need to decide whether to dismiss the unexhausted parts of ground 1 or to dismiss the action in its entirety.

    Pursuant to a plea agreement, petitioner was convicted in state court of conspiracy to commit robbery (count 1), robbery with the use of a deadly weapon (count 2), and second-degree murder (count 3). The original sentence structure was 12-72 months for count 1, 60-180 months for the robbery part of count 2 plus an equal and consecutive 60-180 months for the deadly-weapon part of count 2, count 2 running consecutive to count 1, and life imprisonment with eligibility for parole starting after 10 years for count 3, count 3 running consecutive to count 2. Ex. 32 (#21). The state district court then adjusted the sentences. Now, the prison terms for counts 1 and 2 run concurrently, and the prison term for count 3 runs consecutive to counts 1 and 2. Ex. 36 (#21). Petitioner appealed the original judgment and the amended judgment. The Nevada Supreme Court affirmed. Ex. 72 (#22).

Petitioner filed multiple post-conviction motions and petitions. All were unsuccessful. For the purposes of this order, the important document is the opening brief that petitioner filed in the appeal from the denial of his state post-conviction habeas corpus petition. Ex. 98 (#23).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Respondents argue that petitioner has not presented all of the facts in ground 1, a claim of ineffective assistance of counsel, to the Nevada Supreme Court in the appeal from the denial of his state habeas corpus petition. The following issues of ineffective assistance were raised in the appellate brief:

> 1.    Counsel coerced petitioner into pleading guilty by pressuring him to think that the sentences for counts 1, 2, and 3 would run concurrently, and thus petitioner's plea was not knowingly or voluntarily entered.

   2. The public defender who handled petitioner's plea canvass testified in the post-conviction evidentiary hearing that he walked away from petitioner and would not participate in the canvass anymore.

   3. Petitioner did not have enough time to understand his plea.

Ex. 98 (#23). Respondents argue that petitioner did not present the following issues, raised in ground 1 of the petition (#13), to the Nevada Supreme Court:

   1. Counsel failed to explain that the deadly-weapon enhancement could not run concurrently with any sentence structure.

   2. Petitioner expected to receive 10-25 years on the count of second-degree murder.

   3. Petitioner did not have enough time to understand his plea.

   4. The judge who conducted the change-of-plea hearing said that she would sentence petitioner; but

   5. Counsel failed to move to have the case transferred back to that judge.

Petitioner actually did present to the Nevada Supreme Court the claim that he did not feel that he had enough time to understand his plea, and thus respondents' issue 3 is exhausted. Respondents' issues 4 and 5 actually are two parts of the same issue. Petitioner has not presented respondents' issues 1, 2, 4, and 5 to the Nevada Supreme Court, and they are unexhausted.

   Petitioner argues that the Nevada Supreme Court had the affidavit of his counsel and the transcripts of hearings in the appellate appendix. However, petitioner did not present any claims based upon that affidavit and those transcripts in his post-conviction appellate brief, which is essential for exhausting an issue. *Castillo v. McFadden*, 399 F.3d 993, 999-1000 (9th Cir. 2005). Furthermore, even if petitioner referred to those documents in his brief, Nevada does not allow incorporation of those claims into the brief by reference to the appendix. Nev. R. App. P. 28(e)(2).

   Petitioner argues that no corrective judicial process currently exists in the state courts. *See* 28 U.S.C. § 2254(b)(1)(B). That is incorrect. He can file another post-conviction habeas corpus petition in state district court. He would face procedural bars for timeliness and successiveness, and

/ / /

it is not easy to have those bars excused. *See* Nev. Rev. Stat. §§ 34.726, 34.810. However, the court cannot state that it is impossible for petitioner to make the necessary showings.

Petitioner has filed a motion for stay and abeyance (#28) while he returns to state court to exhaust those issues. Petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Petitioner has not demonstrated that the unexhausted claims are potentially meritorious. Regarding unexhausted issue 1, if petitioner did not understand before the hearing on his plea of guilty that the sentence for the use of a deadly weapon must run consecutively to the sentence for robbery, then he came to understand it during the change-of-plea hearing. *See* Ex. 26, at 10-12 (#21). Regarding unexhausted issue 2, if counsel led petitioner to believe that he would receive a sentence of 10-25 years for second-degree murder, the judge explained to him during the hearing that he faced a sentence of life imprisonment with parole eligibility starting after 10 years. *Id.* at 13 (#21). Counsel also stated during the hearing that he told petitioner that it was up to the judge how to sentence petitioner. *Id.* at 9 (#21). Even if counsel actually did not say that to petitioner before the hearing, petitioner learned about it at the hearing itself, before he pleaded guilty. Regarding unexhausted issues 4 and 5, the judge at the plea hearing heard the defense counsel state that the prosecution had no opposition to count 1, conspiracy to commit robbery, running concurrently with the other counts. *Id.* at 11 (#21). Whether count 3, second-degree murder, would run concurrently with or consecutively to count 2, robbery with the use of a deadly weapon, was left to argument at sentencing. A different judge conducted the sentencing hearing, and he ran all the counts consecutively, over the objection of defense counsel. Ex. 31, at 12-14 (#21); Ex. 32 (#21). The sentencing judge then held a hearing at his own request and, noting that the state had agreed not to oppose the sentence for count 1 to run concurrently, amended the judgment to have count 1 run concurrently with count 2, but count 3 still would run consecutively to count 2. Ex. 35 (#21); Ex. 36 (#21). In the end, even though the judge who took petitioner's plea and the judge who sentenced petitioner were different, petitioner did receive the benefit that he would have received if the plea judge also sentenced him. In all four unexhausted issues, petitioner suffered no prejudice, and thus there is no potential merit to justify a stay.

-4-

The petition (#13) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See, Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted issues in ground 1 and proceed with the remaining grounds, or he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust the unexhausted issues in ground 1. If petitioner chooses the second option, the court makes no statement about whether state law would bar consideration of another state habeas corpus petition, and the court makes no assurances about the timeliness of a subsequently filed federal habeas corpus petition.

Petitioner's opposition to the motion to dismiss (#26) raises other issues unrelated to the failure to exhaust all parts of ground 1. First, petitioner asks the court to reconsider its dismissal of the claims of ineffective assistance of state post-conviction counsel. Petitioner should have raised this in a motion to reconsider, but nonetheless the court declines. When the court dismissed those claims, it noted that ineffective assistance of post-conviction counsel can excuse the procedural default of certain grounds, but that procedural default was not an issue at the time. Order, at 2 n.1 (#14). Procedural default still is not an issue. The court did not cite *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012), and *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), but those were the precedents that the court had in mind when it wrote that footnote. *Martinez* and *Nguyen* left intact the basic rule of *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that petitioner has no right, and thus no addressable claim in federal habeas corpus, to effective assistance of post-conviction counsel.

Second, petitioner states in the opposition (#26) that another example of ineffective assistance of trial counsel was the failure to file a notice of appeal after the denial of the motion for modification of sentence. This allegation of error appears nowhere in the petition. Respondents note persuasively that petitioner cannot present new grounds for relief in an opposition to a motion to dismiss. *See, Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Petitioner would need to file a motion for leave to amend the petition, in accordance with Local Rule 15-1, and he would need to explain in the motion the failure to exhaust that ground in state courts.

Third, petitioner states in the opposition that the Nevada Supreme Court abused its discretion in affirming the denial of his state habeas corpus petition. Errors in the state post-

conviction process are not addressable in federal habeas corpus, and the court will not consider this claim. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (18) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **until Thursday, April 16, 2015,** to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss the unexhausted parts of ground 1 of his petition (#13), described above, and proceed only on the remaining grounds for relief, or (2) inform this court in a sworn declaration that he wishes to dismiss his petition (#13) to return to state court to exhaust his state remedies with respect to the unexhausted parts of ground 1 of his petition (#13). Failure to comply will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that if petitioner elects to dismiss the aforementioned parts of ground 1 of his petition (#13) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within **forty-five (45) days** after petitioner serves his declaration dismissing the unexhausted parts of grounds 1. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that if respondents file and serve an answer, petitioner shall have **forty-five (45) days** from the date on which the answer is served to file and serve a reply.

**IT IS FURTHER ORDERED** that petitioner's motion for stay and abeyance (#28) is **DENIED**.

DATED this 11th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court